Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00791-CV

## IN THE INTEREST OF J.C., N.C., and J.N.H.

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-02742
Honorable James F. Clawson, Jr., Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   April 1, 2009

AFFIRMED

This is an appeal from the trial court's order denying appellant's motion for new trial following the trial court's order terminating appellant's parental rights. We affirm.

In a single issue on appeal, appellant complains that the associate judge who denied her motion for new trial on the grounds that it was frivolous was not the same judge who heard the underlying termination proceeding. Appellant contends the appropriate remedy here is to abate the

---

[1] The Honorable James F. Clawson, Jr., sitting by assignment, presided over the underlying termination proceeding. The Honorable Richard Garcia, Associate Judge, presided over the hearing on appellant's motion for new trial.

appeal and direct the Regional Administrative Judge to "arrange for [the trial judge] to hear" the motion for new trial.

Appellant initially sought to have the motion for new trial and statement of appellate points heard by the trial judge; however, an associate judge was assigned to hear the matter. At the new trial hearing, appellant did not object to having the associate judge hear the motion and statement of appellate points. In *In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003), the Supreme Court held that error preservation rules apply to parental rights termination cases. The Court stated there is a strong interest in Texas in ensuring that our trial courts have the opportunity to correct errors. *Id.* "Appellate review of potentially reversible error never presented to a trial court would undermine the Legislature's dual intent to ensure finality in these cases and expedite their resolution." *Id.* We recognize there may be logistical issues when a visiting judge presides over termination cases and then is unavailable to hear the motion for new trial and statement of appellate points within the statutorily expedited time frame; however, we must apply the error preservation rules. Because appellant did not object to having the associate judge hear the motion for new trial, we conclude the complaint was not preserved for our review. TEX. R. APP. P. 33.1.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice